**LAWRENCE A. DUBIN, ESQ.**
**ATTORNEY AT LAW**
**401 BROADWAY, SUITE 306**
**NEW YORK, NEW YORK 10013**
**(917) 543-0216**
**(212) 966-0588 (FAX)**
**EMAIL: DubinLarry@aol.com**

May 15, 2015

<u>*Via ECF*</u>

Hon. Robert W. Sweet
United States District Court Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

          Re: *U. S. v. Shakeem Boykins*
             Case No.: 13 Cr 654 (RWS)

Dear Judge Sweet;

  I write on behalf of my client, Shakeem Boykins, presently scheduled to appear before you for sentencing on Friday, May 29, 2015 at 11:00 am.

  Unfortunately, Mr. Boykins is a product of an all too familiar scenario, a single parent "household" without the presence of a father as a role model to provide guidance and support. His parents were never legally married, and ended their relationship when defendant was a young child. He recalls living in a shelter when he was five years old and witnessing his mother's alcoholic behavior daily.

  Essentially ignored by his mother, Shakeem was in trouble with the law by age 14. He has been in and out of jail since then.

  Mr. Boykins is at a cross roads in his life. That's an overused, hackneyed phrase, but certainly not a cliché in this case.

Shakeem Boykins perhaps for the first time in his life understands how futile and self destructive his behavior has been. His letter to the Court (enclosed herein) makes the point more eloquently than I can.

Though uneducated, he is bright, engaging and understands how important it is to use his time productively.

The defendant has given a great deal of thought to how he can move forward to a better place and a meaningful future by building on the lessons he's learned. He has put together his own re-entry program as set out in his letter to the Court. His conduct at the MCC reflects that new commitment. He's taken and graduated from two narcotic programs. (see certificates attached hereto) He is scheduled to take the test for his G.E.D. certification in June. His interest in the Doe Fund program is real and abiding. In his letter application to the Doe Fund he talks of his desire to become a spokesperson/ counselor so that he can help others break their dependency on drugs and open their eyes to the opportunities that exist by leading a law abiding life.

Part of the Doe Fund's project is the CORE Young Adult Program. It's a comprehensive employment and housing program that's designed for young adults aged 18 to 26. They provide transitional housing; help secure long-term housing, and transitional work. They also provide career development, vocational training and monitoring of the defendant's progress.

Defendant realizes that the most precious thing in life is one's freedom and has made a commitment to himself never to put his freedom at risk again. Through his own efforts Mr. Boykins has also researched the Special Options Service ("SOS") Program which has been implemented successfully in the Eastern District.

Set forth below is a description of that program:

**Program Eligibility**: Primarily designed to work with non-violent juvenile and young adult defendants up to the age of twenty-four; special consideration may be made for older individuals on a case by case basis. Defendants cannot have a violent criminal history or lengthy criminal record. Appropriate candidates may have an existence of significant childhood trauma (rape, molestation, child abuse, loss of a parent, drug or mental health issues, etc.). Individuals are not cited as a danger to the community, and must be willing to participate in the program and abide by the conditions imposed.

**Services Provided**: Educational and Vocational referrals, Mental Health and Drug treatment referrals. Individual meetings with defendants at least once weekly to discuss and promote life skills such as: setting and attaining short terms goals, health & hygiene, stress management, and the defendant's progress in educational or vocational programs. Defendants are also required to abide by a curfew as set by Pretrial Services in an effort to reduce the risk of further criminal activity.

**How The Program Works**: Generally at the first meeting between the Pretrial Services Officer and the defendant, a determination as to the needs of the defendant is ascertained. Along with those determined needs combined with the personal interests of the defendant, appropriate programs are designed to help participants attain goals that have been set jointly by the defendant and the Pretrial Services Officer.

Mr. Boykins is more than willing to enter this program should his application to Doe Fund not prove successful. It's important to emphasize that the aforementioned alternatives to incarceration were researched by the defendant and presented to me.

Defendant has been incarcerated at the MCC since December 5, 2013. Since his incarceration he's demonstrated a keen awareness of his circumstances and a willingness to act to achieve rehabilitation.

While defendant's plea agreement contains the customary language precluding either party from seeking a downward or upward departure it's important to note that even in the mandatory Guideline era, post arrest rehabilitation was a valid ground for departure. See <u>U. S. v. Maier, 975 F.2d 944, 946-948 (2nd Cir 1992).</u>  That said, these factors certainly support a downward variance from the now-advisory Federal Sentencing Guidelines range.

Shakeem Boykins has demonstrated that he is ready to turn his life around. He possesses the intelligence and commitment to do that.

I would ask this Court to take a chance on him by allowing him to enter one of the programs suggested rather than sending him to prison.

Respectfully Submitted,

Lawrence A. Dubin, Esq.

LAD/aw

cc:    AUSA Christopher J. DiMase