UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA,

                        Plaintiff,

    -against-                  13 Cr. 654-7 (RWS)

                                      SENTENCING
SHAKEEM BOYKINS,                 OPINION

                        Defendant.

------------------------------------------X

**Sweet, D.J.**

On December 29, 2014, Shakeem Boykins ("Boykins" or "Defendant") pled guilty to conspiring to distribute and possess with intent to distribute cocaine base. For the reasons set forth below, Boykins will be sentenced to 36 months' imprisonment followed by three years' supervised release, subject to the scheduled sentencing hearing on May 22, 2015. Boykins is also required to pay a special assessment of $100.

**Prior Proceedings**

1

Defendant was named in a one-count superseding indictment (the "Indictment") filed in the Southern District of New York on November 14, 2013. The first and only count of the Indictment charges that from 2012 through November 2013, in the Southern District of New York and elsewhere, Boykins and others conspired to distribute and possess with intent to distribute 280 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); and mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(C) ("Count 1").

The Indictment further indicates that as a result of committing the offense charged in Count 1, Boykins shall forfeit to the United States any property constituting or derived from proceeds of the offense and any property used or intended to be used to commit or facilitate it. If any of the property subject to forfeiture cannot be located upon the exercise of due diligence, has been transferred to a third party, has been placed beyond the Court's jurisdiction, has been substantially diminished in value, or has been commingled with other property, it is the intention of the Government to seek forfeiture of any

other property of Defendant up to the value of the forfeitable property. See 21 U.S.C. § 853.

On December 29, 2014, Boykins pled guilty to the lesser-included offense of conspiracy to distribute and possess with the intent to distribute cocaine base, pursuant to a plea agreement which stipulates the following:

> The sentencing guideline applicable to the offense charged in Count 1 is U.S.S.G. § 2D1.1.
>
> Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(8), the base offense level is 24 because the defendant was responsible for the distribution of at least 28 grams but less than 112 grams of cocaine base.
>
> Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.
>
> In accordance with the above, the applicable Guidelines offense level is 21.

3

Based upon the information now available to the U.S. Attorney's Office (including representations by the defense), the defendant has 12 criminal history points.

In accordance with the foregoing, the defendant's Criminal History Category is V.

Based upon the calculations set forth above, Defendant's stipulated Guidelines range is 70 to 87 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining Defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 21, the applicable fine range is $7,500 to $1,000,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any suggest that the Probation Office or the Court consider such a department or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. 3553(a).

Defendant is scheduled to be sentenced on May 22, 2015.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

Boykins is a street-level drug dealer, the lowest-level member of a crack cocaine and heroin distribution ring based out of the Louis H. Pink Houses in the East New York section of Brooklyn. Between 2012 and November 2013, agents of the Bureau of Alcohol, Tobacco, and Firearms conducted more than 130 undercover buys from the drug ring, amounting to more than 200 grams of crack and more than 30 grams of heroin. One of those sales took place in Manhattan in May, 2013. Boykins and another codefendant, Steven Nixon, were responsible for carrying out the actual delivery of drugs to customers, with the sales being negotiated by their superior, Naquan Jones. Jones in turn reported to the leader of the conspiracy, Laron Mosley, and his right-hand man, Raquel Dunton. The government views Boykins as responsible for distributing between 28 and 112 grams of crack cocaine.

**The Relevant Statutory Provisions**

The maximum term of imprisonment is 20 years. 21 U.S.C. §§ 841(b)(1)(C), 846.

The Court must impose a term of supervised release of at least three years for Count 1. 21 U.S.C. § 841(b)(1)(C).

Defendant is not eligible for probation. 21 U.S.C. § 841(b)(1)(C).

The maximum fine is $1,000,000 for Count 1. 21 U.S.C. § 841(b)(1)(C). A special assessment of $100 is mandatory pursuant to 18 U.S.C. § 3013(a)(2).

**The Guidelines**

The November 1, 2014 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for 21 U.S.C. § 846 offenses is found in U.S.S.G. § 2D1.1 of the guidelines. That section provides that

8

an offense involving at least 28g but less than 112g of cocaine base has a base offense level of 24. U.S.S.G. § 2D1.1(c)(8).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a). Defendant has also assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. U.S.S.G. § 3E1.1(b). These adjustments result in an offense level of 21.

Boykins has six previous criminal convictions, four of which transpired before he turned eighteen. On January 12, 2009, he was adjudicated a juvenile delinquent in Kings County Family Court and sentenced to a term in a reformatory and eighteen months' probation for obstruction of governmental administration in the second degree. The conviction stemmed from an incident where the police came to arrest his mother and Boykins pushed their hands away as they attempted to put handcuffs on her. He also yelled "no" several times, pushed the

police officers away from his mother, stood between them and his mother, and then twisted and flailed his body when the police put him under arrest. He later spent a year in prison for this crime after he was found to have violated his probation. Pursuant to U.S.S.G. § 4A1.1(b), this conviction warrants two criminal history points. Although the conviction took place before he turned eighteen, it is factored into his criminal history score because he was released from confinement less than five years before the commencement of the instant offense. U.S.S.G. § 4A1.2(d)(2)(A).

On May 7, 2009, he was adjudicated a juvenile delinquent in Kings County Family Court and sentenced to a reformatory term and eighteen months' probation for assault in the third degree. Pursuant to U.S.S.G. § 4A1.1(c), this conviction warrants one criminal history point. Although the conviction took place before he turned eighteen, it is factored into his criminal history score because he was released from confinement less than five years before the commencement of the instant offense. U.S.S.G. § 4A1.2(d)(2)(B).

10

On March 27, 2010, he was adjudicated a juvenile delinquent in Kings County Family Court and sentenced to a reformatory term of eighteen months for assault in the second degree with intent to cause physical injury with a weapon or instrument. Pursuant to U.S.S.G. § 4A1.1(b), this conviction warrants two criminal history points. Although the conviction took place before he turned eighteen, it is factored into his criminal history score because he was released from confinement less than five years before the commencement of the instant offense. U.S.S.G. § 4A1.2(d)(2)(A).

On May 22, 2012, he was adjudicated a youthful offender in Kings County Criminal Court and sentenced to three years' probation for criminal possession of a weapon in the fourth degree. He was later sentenced to three months' imprisonment for violating that probation. Pursuant to U.S.S.G. § 4A1.1(b), this conviction warrants two criminal history points. Although the conviction took place before he turned eighteen, it is factored into his criminal history score because he was released from confinement less than five years before the commencement of the instant offense. U.S.S.G. § 4A1.2(d)(2)(A).

On May 31, 2013, he was sentenced in Kings County Criminal Court to a conditional discharge and two days of community service for disorderly conduct. Pursuant to U.S.S.G. § 4A1.2(c)(1), this conviction warrants no criminal history points.

On June 12, 2013, he was sentenced in Queens County Supreme Court to two years' imprisonment for attempted criminal possession of a weapon in the second degree. Pursuant to U.S.S.G. § 4A1.1(a) and U.S.S.G. § 4A1.2(e)(1), this conviction warrants three criminal history points.

The criminal convictions above result in a subtotal criminal history score of ten. Since Boykins committed the instant offense while under a criminal justice sentence of probation for his May, 2012 conviction for criminal possession of a weapon in the fourth degree, two points are added. U.S.S.G. § 4A1.1(d).

Pursuant to the sentencing table at Chapter 5, Part A of the Guidelines, twelve criminal history points establishes a criminal history category of V. Based on a total offense level of 21 and a criminal history category of V, the guideline range of imprisonment is 70 to 87 months.

The guideline range for a term of supervised release is three years. 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 5D1.2(c).

Defendant is not eligible for probation because his applicable guideline range falls in Zone D of the Sentencing Table in Chapter Five of the guidelines. U.S.S.G. § 5B1.1, application note 2.

The fine range for this offense is $7,500 to $1,000,000. U.S.S.G. § 5E1.2; 21 U.S.C. § 841(b)(1)(C). Costs of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of

supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is

14

determined that a Guidelines sentence is not warranted in the instant case.

The Guidelines range suggested for Boykins is dramatically out of step with his age - only twenty - and his relative lack of culpability as the most junior member of this drug ring. Application of the Guidelines range would also punish Boykins, a street-level dealer who was responsible for distributing a relatively small amount of narcotics, more severely than his supervisors in the conspiracy, Zaquan Wertz and Naquan Jones, each of whom will be sentenced to 60 months.

Particularly pernicious is the way the Guidelines treat Boykins' January 2009 conviction at the age of fourteen for obstructing governmental administration in the second degree. The conduct for which Boykins was punished in that instance was standing in between his mother and the police officers who had come to arrest her, pushing their hands away when they attempted to handcuff her, and thrashing about when they decided to handcuff and arrest him as well. Boykins served time in a juvenile reformatory for this heinous crime, and then an additional twelve months' imprisonment when he was adjudged to have violated the probation imposed on him for it. That

crime, which a more reasonable set of police officers or prosecutors might have viewed as the actions of a dutiful son trying to stand up for his mother, is now worth two criminal history points in a rote Guidelines analysis. Those two points, combined with an additional point stemming from punching a classmate in middle school, are enough to push Boykins into a higher Criminal History Category and raise his Guidelines range from 57-71 months to 70-87 months. Put more bluntly, the Guidelines intend to sentence Boykins to an additional year to year-and-a-half in prison because as a fourteen year-old boy he got into a fight with a classmate and did not meekly stand by when the police came to take his mother away. This alone would be sufficient reason to depart downward.

**The Sentence**

For the instant offense, Boykins shall be sentenced to 36 months' imprisonment to be followed by three years' supervised release.

16

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Not possess a firearm or destructive device.

(4) Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the probation officer. Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

(2) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation.

17

> Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(3) Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

(4) Defendant is to be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States. See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1963(a).

Defendant is ineligible for voluntary surrender.

18

It is so ordered.

**New York, NY**
**May 30, 2015**

_____
**ROBERT W. SWEET**
**U.S.D.J.**