UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

SHAKEEM BOYKINS,
                Defendant.

13-CR-654 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Before this Court is Defendant Shakeem Boykins' motion to dismiss a pending violation of supervised release ("VOSR"). (Dkt. No. 203.)

      Boykins was arrested in July 2018 and charged with possessing a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Dkt. No. 202 at 2.) In August 2018, the Probation Office filed a violation report against Boykins, containing a single specification based on the firearm offense, and an arrest warrant was issued. (*Id.*) Following a one-week trial in June 2019, Boykins was found guilty of possessing a firearm and was sentenced by Judge Korman in the Eastern District of New York to 110 months' imprisonment. (*Id.*) In the judgment, Judge Korman indicated that the sentence was "to run concurrent with any sentence imposed by" this Court for the VOSR. (Dkt. No. 202 at 8.) After being detained almost three years at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, Boykins was transferred to his designated facility in California in June 2021. The VOSR arrest warrant was finally executed in October 2021, over three years after it was issued. (Dkt. No. 202 at 2.) Boykins contends that as he was finally beginning his rehabilitation programs at the California facility, he was transferred back to MDC where he has remained in isolation. (Dkt. No. 203 at 2.) He argues that the prejudice he suffered due to the three-year delay amounts to a due process violation.

1

Though the Court agrees that these circumstances are extremely unfortunate, and that it would have been preferable to execute the warrant prior to Boykins' transfer to the California facility, the Court concludes that the delay does not amount to a due process violation. In *United States v. Ramos*, the Second Circuit recognized the potential for a violation of the Due Process Clause due to a delay in a violation of supervised release hearing if the delay "substantially limit[ed] [his] ability to defend against the charge that the conditions of supervised release were violated." 401 F.3d 111, 116 (2d Cir. 2005). The Second Circuit also concluded in *United States v. Sanchez* that a defendant may suffer a due process violation if the delay hindered his ability to seek a concurrent sentence. 225 F.3d 172, 176–77 (2d Cir. 2000).

But the prejudice discussed in *Ramos* and *Sanchez* does not constitute the type of prejudice that Mr. Boykins' maintains he suffered. Neither party points to any case law in this Circuit or elsewhere establishing that the unfortunate collateral consequences that Mr. Boykins suffered as a result of the delay in executing the warrant constitute constitutionally cognizable prejudice under the Due Process Clause. Therefore, Mr. Boykins' motion to dismiss the pending violation of supervised release is denied. However, the Court will consider in its sentencing decision the hardships Boykins has had to endure due to the delay. As recommended by Judge Korman (*see* Dkt. No. 202 at 8), the Court anticipates that any term of imprisonment imposed on the VOSR will run concurrent with the 110-month sentence Boykins is currently serving.

SO ORDERED.

Dated: January 20, 2022
      New York, New York

                                              J. PAUL OETKEN
                                           United States District Judge